IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERNON D. WELDY,

    Plaintiff,

vs.                                                                 Civ. No. 98-1042 LH\LCS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision, filed March 18, 1999. The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits. Plaintiff alleges a disability due to mental retardation as well as vision, hearing, and back problems. He also claims to suffer from dizzy spells and blackouts.

    2. The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications. The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. *Thompson v.*

*Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. *Id.* (citation omitted).

    4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id*. at 1486 (citing 42 U.S.C. §423 (d)(1)(A)). To determine disability, the Commissioner has established a five step sequential evaluation process. *Id*. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id*. (citations omitted).

    5. Step three of the sequential evaluation process is at issue in this case. At step three, the claimant is found to be presumptively disabled if he meets or equals a listed impairment. 20 C.F.R. §404.1520(d); §416.920(d). The Plaintiff argues in essence that the ALJ erred by failing to discuss listing §12.05(C).[1] The Plaintiff believes he meets or equals that listing. Section 12.05(C) states that a claimant must demonstrate that he has "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional and significant work-related limitation of function...." The parties do not dispute that the Plaintiff meets the IQ requirement of §12.05(C). The parties, however, dispute whether the Plaintiff possesses other impairments which impose "additional and significant work-related limitation of function." The record provides objective medical evidence of a "marked hearing deficit." Tr.

---

[1] The Plaintiff raises in his reply brief an additional argument that the ALJ should have obtained a consultative examination of the Plaintiff's back. An issue raised for the first time in the reply brief is not considered. *See, e.g., United States v. Magana*, 118 F.3d 1173, 1198 n.15 (7th Cir. 1997); *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 724 (10th Cir. 1993). Accordingly, I will not address the consultation argument.

2

126, 115. *See also* Tr. 131, 143. The ALJ, in fact, agreed that the Plaintiff has a "marked hearing deficit." Tr. 21. The medical evidence also indicates that the Plaintiff lacks depth perception. Tr. 117. *See also* Tr. 131, 143. The ALJ found that the Plaintiff has a severe visual impairment. Tr. 21. The medical evidence further states that the Plaintiff's blackouts are the result of a possible seizure disorder. Tr. 20. Although the record contains sufficient evidence to raise the issue of whether the Plaintiff might meet or equal §12.05(C), the ALJ did not mention or consider that listing at all. Clearly, this is error. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996)(the ALJ is required to discuss the evidence and explain his listing determination). The appropriate remedy in this situation is to remand the matter to the Commissioner so that an analysis of §12.05(C) can be made.

## Recommended Disposition

I recommend granting the Plaintiff's Motion to Reverse or Remand Administrative Decision. I specifically recommend remanding this matter to the Commissioner so that he shall determine whether the Plaintiff meets or equals §12.05(C). Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be

allowed.

_____
Leslie C. Smith
United States Magistrate Judge